REBECCA DOLE *vs.* LEWIS BODMAN & another.

A debtor, without the knowledge of his creditor, executed and caused to be recorded a mortgage of personal property to secure the debt, and appointed a third person to act in the mortgagee's behalf : The debtor's property was soon afterwards assigned under *St.* 1838, *c.* 163 : After the assignment, he delivered the mortgage to his creditor, who accepted it. *Held*, that the mortgaged property passed to the assignees of the mortgagor, and that the mortgagee had no title thereto.

TROVER for household furniture, &c.

It was agreed by the parties, at the trial in the court of common pleas, that prior to December 1838, the articles in question were the property of Benjamin Dole, the plaintiff's son, who resided at Williamsburg, in the county of Hampshire. It was proved that said Benjamin, on the 21st of July 1837, borrowed $ 300 of the plaintiff, who resides in Concord, and gave her his promissory note therefor : That he represented himself to be able to give ample security of any kind, and promised to send to the plaintiff good security for this money : That she never applied to him for security, though she did apply to him for payment ; and that he furnished no security, except as hereinafter stated.

On the 27th of December 1838, said Benjamin conveyed to the plaintiff the property in question by a mortgage, conditioned for the payment of the note aforesaid, and carried the mortgage to the office of the clerk of Williamsburg, to be recorded ; and it remained in said clerk's office until May 1840, when said Benjamin took it and carried it to Concord, and delivered it to the plaintiff or to her agent.

On the 9th of March 1840, said Benjamin applied to a master in chancery, in Hampshire, for the benefit of the insolvent law, (*St.* 1838, *c.* 163,) and a messenger was on that day appointed to take possession of his property, and on the 30th of said March, his estate was assigned to the defendant Bodman, and E. Hubbard, junior, according to the provisions of said statute.

Shortly after said mortgage was made, said Benjamin requested one Tilestone to act for the plaintiff in relation to the mortgaged property, and said Tilestone promised to do what ne

could for her.  But said Benjamin had no authority to appoint an agent ; nor was there any evidence that the plaintiff had any knowledge of said mortgage, or of any agency in her behalf, until after said Benjamin's said application to a master in chancery.

The articles included in said mortgage remained in the possession of said Benjamin, not severed from his other property, until the time of the alleged conversion thereof by the defendants.  On the 16th of May 1840, the defendant Bodman went to the house of said Tilestone, who lived under the same roof with said Benjamin, and asked for the property that was mortgaged to the plaintiff.  Tilestone declared that he would not be answerable for it ; and he put it into the street, and informed Bodman where it was.  It remained in the street until the 18th of said May, when Hubbard, one of said Benjamin's assignees, employed the defendant Morton, and another person, to remove it and put it into the custody of said Hubbard, where it remained until the day of the date of the plaintiff's writ, when it was sold at auction by said Benjamin's assignees.  It did not appear in evidence, whether the property was sold before or after the writ was sued out ; and there was no evidence, except what arises from the foregoing facts, of any connexion between the two defendants, Bodman and Morton.  No demand was made on either of the defendants, for the property, before action brought.

Some evidence was introduced to show that the mortgage was fraudulent ; but the jury found a verdict against both of the defendants, under the direction of the presiding judge, who instructed them that the foregoing facts were sufficient to show property in the plaintiff and a conversion by the defendants.

The whole court of common pleas afterwards ordered that the verdict should be set aside and a new trial granted, because the facts were not sufficient to show that the property ever vested in the plaintiff, or to show a conversion thereof by the defendants. " Whereupon the parties agreed that the foregoing should be taken as a statement of facts, and judgment was rendered thereupon for the defendants.  From this judgment, the plaintiff appeals to the supreme judicial court ; and such judgment is to be

rendered as the court shall direct, subject to a motion for a new trial for evidence newly discovered by the defendants, on the point of fraud."

*Nelson,* for the plaintiff. If the property was the plaintiff's, Morton is liable in this action. *Badlam* v. *Tucker,* 1 Pick. 389. *Chapman* v. *Lamb,* 2 Stra. 943. *Perkins* v. *Smith,* 1 Wils 328. *S. C.* Sayer, 40. *Tinkler* v. *Poole,* 3 Wils. 146. *Strickland* v. *Barrett,* 20 Pick. 415.

Had the property vested in the plaintiff? The delivery of a deed to a register or clerk for record is a good delivery to the grantee, if afterwards assented to by him, and such assent relates back to the delivery to the register, &c. *Hatch* v. *Hatch,* 9 Mass. 307. *Harrison* v. *Trustees of Phillips Academy,* 12 Mass. 456. As the giving of security was stipulated for when the plaintiff lent her money, her assent to the mortgage is to be implied from the moment of record, which was before the right of the mortgagor's assignees attached.

It is submitted, that B. Dole's assignees cannot impugn any transaction, or defeat any conveyance, which would bind him, unless they can show fraud.

The record of a mortgage of personalty is tantamount to a delivery of the property to the mortgagee. *Bullock* v. *Williams,* 16 Pick. 33. *Forbes* v. *Parker,* 16 Pick. 462. And the question therefore is, whether the mere omission to deliver a paper, which is by law a parol contract only — a mere conditional bill of sale — shall be fatal to a security given for a *bonâ fide* debt. The case of *Bayley* v. *Bryant,* 24 Pick. 198, sanctions the plaintiff's claim.

*E. R. Hoar,* for the defendants. As Morton was merely a servant of one who was entitled to the rights of a mortgagor, this action cannot be maintained against him. *Strickland* v. *Barrett,* 20 Pick. 415. *Thorp* v. *Burling,* 11 Johns. 286

Admitting the validity of the mortgage, yet B. Dole's assignees succeeded to his rights as mortgagor, and therefore an action of trover cannot be supported against them, before a demand on them for the property, and their refusal to deliver it to the mortgagee. *Storm* v. *Livingston,* 6 Johns. 44. *Nelson v*

*Merriam,* 4 Pick. 249. *Non constat* that the property was sold before the action was commenced. The burden of proof being on the plaintiff, the legal presumption is, that the sale was after the writ was made.

But the plaintiff cannot avail herself of the mortgage. The property had not passed from B. Dole to the plaintiff, at the time when, by reason of his insolvency, he became incapable of making a valid transfer. The transaction was inchoate and incomplete, resting in intention merely, until he was rendered legally incapable of completing it.

Delivery to an unauthorized person is not a good delivery of a deed. Shep. Touch. 57, 58. Carrying a deed to the registry to be recorded is not a delivery, nor evidence of the grantee's acceptance. *Maynard* v. *Maynard,* 10 Mass. 456. *Bullard* v. *Hinckley,* 5 Greenl. 272. *Hedge* v. *Drew,* 12 Pick. 141. See also *Jackson* v. *Dunlap,* 1 Johns. Cas. 114. *Canfield* v *Ives,* 18 Pick. 253. *Buffington* v. *Curtis,* 15 Mass. 528. *Jackson* v. *Phipps,* 12 Johns. 418. *Hague* v. *Rolleston,* 4 Bur. 2174. *Harman* v. *Fishar,* Cowp. 123, 124. *Neate* v. *Ball,* 2 East, 117.

The mortgage was the act of the mortgagor only, without the knowledge of the mortgagee ; and no one can be principal and agent also in the same transaction. *Baird* v. *Williams,* 19 Pick. 381.

A ratification of an unauthorized act cannot be permitted to affect intervening rights of third persons. *Sturtevant* v. *Robinson,* 18 Pick. 180. *Beals* v. *Allen,* 18 Johns. 363.

WILDE, J. It has been argued by the plaintiff's counsel, that this case cannot be distinguished in principle from that of *Bayley* v. *Bryant,* 24 Pick. 198, on the authority of which case the presiding judge at the trial ruled, as it is said, in favor of the plaintiff. On looking into that case, however, we find it clearly distinguishable from the case at bar ; the ground of the decision in the former case having no tendency, as we think, to support the plaintiff's title.

In that case, it was decided that a debtor might be the agent of his creditor, to procure an attachment in his favor of the debtor's property — and that an attachment, so procured, would

be valid.   But it is expressly laid down as a clear principle, that no one can be an agent to contract with himself ; that " he cannot be both buyer and seller, although he acts in different capacities." It appeared also in that case, that the attachment, procured by the debtor, had been ratified by the creditor before the attachment set up against him had been made.

In the present case, the plaintiff claims under a mortgage deed made by her debtor without her knowledge, and which she had never ratified before the property in question had been duly assigned to Bodman, one of the defendants, and E. Hubbard, junior, under the insolvent law of 1838.   And we think it extremely clear that no ratification, after this assignment, can avail to intercept the title of the assignees.   The cases cited by the defendant's counsel are conclusive on this point, if any authorities were necessary to establish so clear a principle.

But it has been argued, that the recording of the mortgage deed was equivalent to the actual delivery of the property ; and so it would have been, if the deed had been delivered to the plaintiff, or recorded by her direction.   But before the record can have this effect under the statute, the mortgage must be completed ; there must be an existing contract ; which, in the present case, the plaintiff has failed to prove.   The property therefore was never legally conveyed to the plaintiff, but continued the property of Benjamin Dole, until it was legally assigned to one of the defendants and his co-assignee.

*Judgment for the defendants*